IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MANUEL MINJARES, § | | |
| Reg. No. 43109-380 § | | |
|    Petitioner, § | | |
| § | | |
| v. § | | EP-20-CV-261-PRM |
| § | | |
| UNITED STATES OF § | | |
| AMERICA, § | | |
|    Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Petitioner Manuel Minjares' [hereinafter "Petitioner"] *pro se* "Habeas Corpus Jurisdictional Challenge 28 U.S.C. 2241" (ECF No. 1) [hereinafter "Petition"], filed on October 19, 2020. For the reasons provided herein, the Court dismisses the Petition for lack of subject matter jurisdiction and denies Petitioner's request for a certificate of appealability.

I.    FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is serving a 300-month sentence imposed by the Court after he pleaded guilty, pursuant to a plea agreement, to conspiring to conduct the affairs of an enterprise through a pattern of racketeering. *United States v. Minjares*, EP-14-CR-1742-DB-4 (W.D. Tex.), J. Crim.

Case, Feb. 29, 2016, ECF No. 766.

Petitioner did not appeal the Court's judgment. Instead, he collaterally attacked his sentence through a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 [hereinafter "§ 2255 Motion"]. *Id.*, Mot. to Vacate, Mar. 3, 2017, ECF No. 785.

The gravamen of Petitioner's § 2255 Motion was that the Court erred in applying a career-offender sentencing enhancement at sentencing. *See id.* at 4–7. Petitioner argued that § 4B1.2(a)(2) of the Sentencing Guidelines, which provides for the career-offender sentencing enhancement, relies on an unconstitutionally vague definition of "crime of violence." *Id.* Thus, according to Petitioner, his three prior state-court convictions for burglary of a habitation could not be considered crimes of violence, and Petitioner could not be considered a career offender. *Id.*

The district court denied Petitioner's § 2255 Motion in accordance with the Supreme Court's holding in *Beckles v. United States*, 137 S. Ct. 886, 892 (2017). *Id.*, Mem. Op. & Order 2, May 5, 2017, ECF No. 789. In *Beckles*, the Supreme Court held that the Sentencing Guidelines "are

not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." 137 S. Ct. at 892. As such, the district court concluded that Petitioner was precluded from raising his vagueness challenge.

In his instant Petition, Petitioner raises various causes of actions to once again challenge his sentence. *See* Pet. 1. Petitioner claims that his counsel provided constitutionally ineffective assistance. *Id*. Petitioner also claims that the Court erred when it "failed to make the required factual findings regarding the drug quantity attribut[able]" to him. *Id*. at 2. He complains that he had "no real notice [of] the true nature of each critical element[ ]" of the offense, and that the prosecutor used "deception" to obtain both the indictment and his guilty plea. *Id*. at 3–4, 6, 10. Petitioner also argues that the career offender enhancement that the district court applied to his sentence violates the Supreme Court's holding in *Mathis v. United States*, 136 S. Ct. 2243 (2016).[1] *Id*. at 8. Finally, Petitioner suggests that the Court lacked

---

[1] In *Mathis*, the Supreme Court held that "[b]ecause the elements of Iowa's burglary law are broader than those of generic burglary, [the defendant's] convictions under that law cannot give rise to an [Armed

3

jurisdiction over him in his criminal case because his plea agreement was "null and void." *Id.* at 12.

## II. LEGAL STANDARD

"A section 2241 petition for habeas corpus on behalf of a sentenced prisoner attacks the manner in which his sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). To prevail, a petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). A petitioner may only make this attack in the district court with jurisdiction over his custodian. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

## III. ANALYSIS

Petitioner is a prisoner at the United States Penitentiary in

---

Career Criminal Act] sentence." 136 S. Ct. at 2257. The Supreme Court explicitly stated, however, that the *Mathis* decision was dictated by decades of prior precedent and was not announcing a new rule. *Id.* The Fifth Circuit, therefore, subsequently denied a movant the authorization to file a successive application for a motion to vacate under 28 U.S.C. § 2255(h)(2) because *Mathis* did not set forth a new rule of constitutional law that was made retroactive to cases on collateral review. *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016).

Pollock, Louisiana.[2]   Pollock is within the jurisdiction of the United States District Court for the Western District of Louisiana.  *See* 28 U.S.C. § 98(c) (listing Grant Parish, which Pollock is located within, as a part of the Western District of Louisiana).  Accordingly, because a petitioner may only bring a § 2241 petition in the district court with jurisdiction over his custodian, this Court does not have jurisdiction to address Petitioner's § 2241 Petition.  *See Cleto*, 956 F.2d at 84.

However, a motion to vacate or correct a sentence pursuant to § 2255—not a petition under § 2241—"provides the primary means of collateral attack on a federal sentence."  *Pack*, 218 F.3d at 451 (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)).  Relief pursuant to § 2255 is warranted for errors that occurred at trial or sentencing.  *See Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997) ("Because all of the errors [the defendant] alleges [occurred before or during sentencing], they must be addressed in a § 2255 petition . . ."); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1131 (5th Cir. 1987) (explaining that, because the

---

[2] *Find an Inmate*, Bureau of Prisons, https://www.bop.gov/inmateloc/ (search Reg. No. 43109-308) (last visited Oct. 26, 2020).

defendant's claims attacked the constitutionality of his conviction and proof of his claims would undermine the validity of his conviction, his exclusive initial remedy was a motion under § 2255).  A § 2255 movant may only bring his motion in the district of conviction and sentence. *Pack*, 218 F.3d at 452.

The Court has discretion to construe Petitioner's § 2241 Petition as a § 2255 motion.  However, Petitioner has already submitted one § 2255 motion in the past.  *See Minjares*, EP-14-CR-1742-DB-4, Mot. to Vacate.  Moreover, that motion was denied on its merits.  *Id.*, Mem. Op. &. Order 1.

Before a movant may proceed with a second or successive § 2255 motion, a court of appeals panel must first certify either (1) that the motion contains "newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"; or (2) that the motion argues that there is a "new rule of constitutional law, made retroactive to collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h).  These restrictions

6

eliminate "the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first [finds] . . . that those challenges ha[ve] some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Indeed, a district court lacks subject matter jurisdiction to consider a second or successive motion unless a court of appeals first grants the movant permission to file a successive petition. *See Crone v. Cockrell*, 324 F.3d 833, 836–37 (5th Cir. 2003) ("[T]he district court did not have subject matter jurisdiction to consider Crone's application because Crone did not obtain an order from this Court authorizing the district court to consider the successive application."); *Key*, 205 F.3d at 774 ("§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one."); *United States v. Rich*, 141 F.3d 550, 553 (5th Cir. 1998) (upholding dismissal of § 2255 motion where movant had not sought or acquired certification from the Fifth Circuit to file a second or successive § 2255 motion).

Because there is nothing in the record to indicate that Petitioner

7

received proper certification from the Fifth Circuit prior to or since filing his instant Petition, the Court determines that it is without jurisdiction to consider his Petition as a second § 2255 motion. 28 U.S.C. § 2244 (b)(3)(A); *id.* § 2255(h); *In re Tatum*, 233 F.3d 857, 858 (5th Cir. 2000). Accordingly, the Court dismisses Petitioner's pleading when construed as a second or successive § 2255 motion. *See* W.D. Tex. Local Rule CV-3(b)(6) ("A second or successive . . . motion for relief pursuant to 28 U.S.C. § 2255 will be dismissed without prejudice unless accompanied by a certificate issued by a panel of the Fifth Circuit."). This dismissal, however, is without prejudice to Petitioner's right to submit a motion in the Fifth Circuit for leave to file a second § 2255 motion.

## IV.   CERTIFICATE OF APPEALABILITY

A movant may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). A movant that seeks a certificate to reassert claims that the district court rejected solely on procedural grounds must show the following: (1) that "jurists of reason

would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings).   Here, the Court finds that jurists of reason would not debate the Court's procedural rulings.   Based on this finding, the Court will deny Petitioner a certificate of appealability.   *See* 28 U.S.C. § 2255 Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

## V.  CONCLUSION

The Court concludes that it is without subject matter jurisdiction to entertain Petitioner's pleading as either a § 2241 petition or a § 2255 motion.   Additionally, the Court determines that Petitioner is not entitled to a certificate of appealability.

Accordingly, **IT IS ORDERED** that Petitioner Manuel Minjares' *pro se* "Habeas Corpus Jurisdictional Challenge 28 U.S.C. 2241" (ECF

No. 1) and his civil cause are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Petitioner Manuel Minjares is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED**.

**FINALLY, IT IS ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED** this **4th day** of **November, 2020**.

_____
**PHILIP R. MARTINEZ**
**UNITED STATES DISTRICT JUDGE**